**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOES 1-26,<br><br>      Defendants. | Civil Action No. 1:12-cv-00161-CMH-TRJ |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO REPORT AND RECOMMENDATION [DKT. #11]**

**I.    INTRODUCTION**

Plaintiff respectfully opposes the proposed order prepared by the Honorable Magistrate Judge Jones. As explained below, the legal premise upon which the proposed order is founded is directly and clearly inapposite to circuit court precedent construing the permissive joinder rule, Fed.R.Civ.P. 20(a). This month, the very same rationale and test set forth in the proposed order was directly criticized for containing a legally erroneous standard and specifically rejected by two United States District Court Judges, who in separate, long and well-reasoned opinions held joinder was proper in Michigan and Pennsylvania. Significantly, based upon the Pennsylvania opinion, the most recent U.S. Magistrate Judge from the Eastern District of Virginia, Judge Stillman, disagreed with the holding set forth in the proposed order, and found that joinder was likely proper in a BitTorrent infringement case. See First Time Videos LLC v. Doe, 2:11CV690, 2012 WL 1134736 (E.D. Va. Apr. 4, 2012).

The proposed order impermissibly limits the breadth of the permissive joinder rule by requiring Plaintiff to allege a direct Defendant-to-Defendant computer interaction. Any such requirement is erroneous because Fed.R.Civ.P. 20(a) permits joinder when: (1) there is the "same

1

transaction or occurrence" <u>or</u> (2) a "series of transactions or occurrences" <u>or</u> (3) claims upon which the Defendant asserts the right to relief jointly or "severally" against the Defendants. A direct defendant-to-defendant data exchange is the "<u>same</u> transaction or occurrence." Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here.

## II. JOINDER IS PROPER

### A. The Infringement Occurred Through a Series of Transactions

For the word "series" to have any meaning in Rule 20(a), the rule must permit joinder to be proper when there is something other than a direct transaction. The test set forth in the proposed order does not do so and therefore is inconsistent with the rule. "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

<u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974). "Plaintiff's claims against the putative defendants are logically related. As one court put it, 'it is difficult to see how the sharing and downloading activity [of individuals using the BitTorrent protocol in the same swarm] could **not** constitute a 'series of transactions or occurrences' for purposes of Rule 20(a).'" <u>Patrick Collins, Inc. v. John Does 1-33</u>, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same

transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i. Series of Transactions Explained By the Michigan Court

Recently, Judge Randon properly analyzed the facts in a near identical case, expanding substantial effort to understand the allegations in the complaint and the applicable law. Judge Randon summarized Plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.
>
> By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash;[8] otherwise, the download would not have occurred.

Significantly, Judge Randon than explained through the force of clear deductive logic that each Defendant obtained the piece of Plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

> If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:
>
> 1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or
>
> 2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or

3

> 3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or
>
> 4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.
>
> In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

> Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012).

### ii.    The Time Period For Infringement is Irrelevant

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded and without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for months at a time.  Judge Jones incorrectly relied on Hard Drive Productions in his decision to sever when discussing the time gap between the alleged infringements.  See Dkt. #11 at *8. "In these cases, as in K-Beech and Hard Drive Productions, the spans of time shown in plaintiff's investigations make it difficult to draw the conclusion that there has been any actual exchange of data between and among the defendants in each case." Id.  As the Eastern District of Michigan explained the technology, it is not that a Defendant would wait weeks to download a movie, but

4

that a Defendant would continue to distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later. This consideration, however, is irrelevant since concerted action is not required for joinder.

Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012).

Further, Judge Jones relies on a recent Arizona decision which was also decided erroneously. See Dkt. #11 (citing Patrick Collins Inc. v. Does 1-54, 2012 WL 911432, at *5 (D. Ariz. Mar. 19, 2012)). The Michigan Court properly distinguished this case by explaining that time constraints should not impact that the infringements occurred through a series of transactions. "[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012.)

The Northern District of California also explained why the time gap in BitTorrent infringement cases is arbitrary and does not impact the basic principles of joinder. "While this period might seem protracted, such time periods can be somewhat arbitrary in BitTorrent-based cases as long as the alleged defendants participate in the same swarm, downloading and uploading the same file." First Time Videos, LLC v. Does 1-95, C 11-3822 MEJ, 2011 WL 4724882 (N.D. Cal. Oct. 7, 2011). "[E]ven after a Doe Defendant disconnects from the swarm,

the parts of the file that he downloaded and uploaded will continue to be transferred to other Doe Defendants remaining in the swarm." Id.

Other courts, when ruling on the issue of joinder have held that even when conduct occurs over a lengthy period of time, defendants may still be properly joined as long as the conduct is reasonably related. See Kedra v. City of Philadelphia, 454 F. Supp. 652, 662 (E.D. Pa. 1978) (holding joinder is proper when claims against police officers including unlawful searches, detentions, beatings and similar occurrences of multiple plaintiffs took place over a period of time).

> There is no logical reason why the systematic conduct alleged could not extend over a lengthy time period and, on the face of these allegations, there is nothing about the extended time span that attenuates the factual relationship among all of these events. The claims against the defendants "aris(e) out of the same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a), and therefore joinder of defendants in this case is proper.

Id.  The case at hand is similar.  While the actions of each of the defendants may have taken place over a period of time, the actions all arose from one initial seed and all display the same systematic conduct which is reasonably related.

### iii.    The Proposed Order Applies Incorrect Joinder Principles

In Judge Jones' proposed order he would have this Court adopt a clearly erroneous legal test requiring a plaintiff to show that the defendant's "acted in concert" with each other to satisfy the first prong of joinder.  Judge Jones fails to duly appreciate the purpose of Rule 20 as interpreted by both the Supreme Court and Circuit Courts.  A rigid approach to joinder is contrary to Supreme Court precedent.  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

6

The rationale contained in the proposed order intentionally ignores the aspects of the BitTorrent technology that make BitTorrent unique and which demonstrates that joinder is proper. "[I]t is helpful to get away from plaintiff's characterization of defendants as being part of the 'same swarm'". Dkt. #11 at *7. It is not helpful to fail to appreciate the factual allegations when applying the law to facts. When courts have taken a close look at the BitTorrent technology, such as recent opinions in the Eastern District of Michigan and in the Eastern District of Pennsylvania, courts have concluded that it is the technology of BitTorrent that distinguishes it from other cases and enables joinder to be proper.

### a. The Law Does Not Support the Test Set Forth in the Proposed Order

Judge Jones errs in that he would have this Court adopt a test stating that in order for joinder to be proper, the defendants would need to "act in concert" with each other. First, the words "acted in concert" and "actual concerted exchange of data" are not found in the text of Rule 20. It is simply not proper to add text to the language of a statute or Rule which already has limiting language.

This test would require Plaintiff to allege that all the defendants share data directly with each other through the BitTorrent protocol in order for joinder to be proper. "Where, as here, a plaintiff seeks to join several defendants in an action based on filesharing activity, the magistrate judge finds that a plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between those defendants." Dkt. #11 at *8. This test clearly reads out of the Rule 20 language for joinder. By requiring all the defendants to exchange a piece of data with each other, Judge Jones is requiring joined claims of defendants in only those situations where there is the same transaction or occurrence and ignoring Rule 20's language allowing for a series of transactions or occurrences and joint and several liability. With all due respect, Judge

Jones' proposed test would be contrary to both Supreme Court and Fourth Circuit precedent and a clear legal error.

### b. This Test Was Directly Criticized by Recent Courts

The Eastern District of Michigan recently criticized the requirement that defendants would have to share the pieces of the movie with each other. "[T]he reasoning avoids the relationship (traceable back to a specific initial seed through a series of transactions) that must exist between all users in the same Swarm." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012).

The Honorable Mary McLaughlin from the Eastern District of Pennsylvania, former Chief Counsel to the US Senate for the Subcommittee on Terrorism, Technology, and Government, recently address this exact issue in a similar BitTorrent copyright infringement action. Judge McLaughlin held joinder was proper even if the Doe defendants did not transmit the pieces directly to each other because the claims arise out of the same series of transactions. Raw Films v. John Does 1-15, 2012 WL 1019067, at *4 (E.D. Pa March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

Id.

### c. The Supreme Courts and Circuit Courts Allow Joinder When There is No One to One Transaction

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although

8

the complaint did not allege that the registrars acted in concert with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. Id. at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

Id. at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the defendants to have directly interacted with each other defendant, or have shared a piece of the file with each and every defendant when downloading the movie. The defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. In doing so, the Defendants all acted under the same exact system.

The Honorable Magistrate Judge Jones states, "there is nothing suggesting with any specificity that any defendant shared those pieces with another defendant." While that may be true, under the Supreme Court's interpretation, it is not necessary that the defendant shared those pieces with the same defendant. Just as it was not alleged in United States v. Mississippi that the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the defendants to have shared the pieces with each other. It is sufficient that the defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

This interpretation is consistent with Fourth Circuit precedent regarding joinder. In Hinson v. Norwest Fin. S. Carolina, Inc., 239 F.3d 611, 618-19 (4th Cir. 2001) the Fourth Circuit permitted plaintiffs to be joined when all the plaintiffs brought the same claim against the same defendant for not being advised properly of their rights to be represented by counsel when closing a mortgage. The factual similarity in this case is more alike than the factual similarity found to properly support joinder in Hinson. Here, common allegations are that all of the defendants exchanged the exact same piece of digital information in a closed system. All defendants delivered that piece to the same investigative server. In Hinson, the properly joined plaintiffs just went to the same bank and were not advised of their attorney preference rights. Here, at this stage of the litigation, every element of the claim against defendants is identically the same and there is not one material fact that is distinguishable amongst defendants that would justify finding severance appropriate.

### B. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

The proposed order's test requiring the defendants to "act in concert" or directly send each other a piece of the movie further contradicts joinder principles because joinder allows for relief to be sought against defendants jointly or severally. See Doyle v. Stanolind Oil & Gas Co., 123 F.2d 900 (5th Cir. 1941) (plaintiffs were held to be properly joined even though ownership was several). Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative". In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "Jointly, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D.  "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally.  Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally."  Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

By requiring defendants to "act in concert" with each other, the Court would require the defendants to be jointly liable with each other.  Because Rule 20 provides that a party may be joined if the claims against them are either jointly or severally liable, the "acting in concert" requirement is too narrow and contradicts the language of Rule 20.

> A right to relief against defendants jointly requires concerted action by two or more parties. A right to relief severally against defendants means that each right to relief is separate and distinct from defendant to defendant and no interaction among the defendants is required. An 'alternative' right to relief may be asserted when plaintiff knows one of the defendants is liable, but does not know which one. 4 Moore's Federal Practice § 20.03. <u>Plaintiff asserts a right to relief against Defendants jointly and a right to relief severally; however, a right to relief against the Defendants severally alone is sufficient to satisfy the first clause of Rule 20.</u>

Id. (Emphasis added).

### III.     PLAINTIFF'S SETTLEMENTS ARE PROPER

In his proposed order, Judge Jones suggests that the costs of proceeding on the severed claims are "outweighed by the risk of 'coercing unjust settlements from innocent defendants' and inflation of copyright value by enhancement of settlement leverage". Dkt. #11 at *8-9.  In every case that is filed in every court, there is a possibility that either side will win or lose.  This case is no different.  The possibility of settlements exists in every case and when used as a reason to influence a rule, is simply putting the cart before the horse and interjecting extra precedential consideration into a legal analysis that is impended to treat different types of cases differently.

Our system is supposed to be unbiased and treat everyone who has a claim the same across the board. In this case, a possibility of settlement occurring should not weigh against a finding that joinder is otherwise proper, when in any case the possibility of facing an expensive legal process often may result in an out of court settlement. According to the US Supreme Court, settlements are favored and Plaintiff's efforts to settle the cases early are consistent with public policy as articulated by Rule 68. "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." Marek v. Chesny 473 U.S. 1, 11 (1985). Further, Plaintiff has a First Amendment right under the petition clause to make the demand. See Sosa v. DirectTV, 437 F. 3d 923, 937 (9th Cir. 2006) (holding "the protections of the Petition Clause extend to settlement demands as a class," including those made during and prior to a suit.)

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated:  April 17, 2012

                Respectfully submitted,

                O'BRYAN LAW FIRM

By:  /s/ *D. Wayne O'Bryan*
   D. Wayne O'Bryan, Esq.
   Virginia Bar number 05766
   Attorney for Plaintiff
   O'Bryan Law Firm
   1804 Staples Mill Road
   Richmond VA 23230
   Phone: 804-643-4343
   Fax:   804-353-1839
   dwayneobryan@gmail.com